I do not agree that the majority's calculation of plaintiff's average weekly wage yields a result that is fair and just to both parties. As the evidence shows and the majority finds, plaintiff had a history of working as a millwright only when he wanted to be employed. He intentionally restricted his income. His pre-injury wage history reflects minimal annual earnings. In the year of injury, plaintiff did not intend to earn sufficient wages to pay incomes taxes. When asked how many weeks plaintiff would have worked if he had not been injured, he replied that he would have worked whatever number that he wanted to work. This would appear to be a case of "the employee whose relation to the labor market is inherently and deliberately part-time, although the employment itself was of continuous character." Larson's Workers'Compensation Law, Sec. 93.02[2] [c] (2000). G.S. 97-2(5) contains a catchall provision which allows the Commission to calculate plaintiff's average weekly wage by a method which will "most nearly approximate the amount which [plaintiff] would be earning were it not for the injury." An average weekly wage of $888.91 does not fairly approximate what plaintiff would be earning were it not for the injury. Evidence received before the deputy commissioner revealed that the average millwright on this project would have worked 54.5 days. Based on plaintiff's prior work history and his testimony, it is doubtful that he would have worked beyond this period. There is no evidence that plaintiff desired to or was hired to work beyond this project; therefore, Phillip Burdette, is not a comparable employee, and an average weekly wage based on Mr. Burdette's employment is not fair and just to both parties. Rather, fair and just, under these circumstances, should be determined on the anticipated wages for an employee in the same or similar position of plaintiff. If plaintiff had worked the average number of days worked by all millwrights on the project, or 54.5 days, at $146.00 per day, plaintiff would have earned $7,957.00 for the entire year, resulting in an average weekly wage of $153.02 and a compensation rate of $102.01. In my opinion, this compensation rate would be fair to both parties under the circumstances of this case.
 S/______________ RENE C. RIGGSBEE COMMISSIONER